IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-11-521 |
| | * | |
| KENNETH ROBINSON | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Kenneth Robinson is a federal prisoner serving a 240-month sentence for drug trafficking. Now pending is Robinson's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "compassionate release" statute), based on underlying health conditions that increase his risk of serious illness related to COVID-19. (ECF 168). The government opposes the motion, (ECF 171), and Robinson has replied, (ECF 172).[1] For the reasons explained below, the motion will be denied.

**BACKGROUND**

In January 2011, pursuant to a search warrant, police discovered a large quantity of crack cocaine and approximately $32,000 in cash hidden in the basement ceiling of Robinson's home. *United States v. Robinson*, 700 F. App'x 178, 179 (4th Cir. 2017). On April 16, 2013, following a jury trial, Robinson was convicted of possession with intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. § 841. (*See* ECF 66 (Jury Verdict)). He was sentenced to 240 months' imprisonment, followed by a 10-year term of supervised release. (ECF 79 (Judgment)).[2]

---

[1] Robinson filed a "supplement" to his compassionate release motion (ECF 172), which the court construes as a Reply.

[2] On August 5, 2016, the court granted Robinson's § 2255 petition and set aside his conviction. (ECF 117). The Fourth Circuit, however, reversed the district court's grant of the petition, *Robinson*, 700 F. App'x at 183, and the 240-month sentence was reinstated, (ECF 143).

1

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id*. But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if 30 days has lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Attached to Robinson's pro se motion for compassionate release is an "Inmate Request to Staff," dated March 25, 2020, and addressed to the warden of his institution, in which Robinson requests a reduction in sentence due to his heightened vulnerability to COVID-19. (ECF 168-1). The government casts doubt on the legitimacy of this document, as the BOP has no record of it. (ECF 171 at 10). Nevertheless, for the purposes of this motion, the government "assum[es] without deciding that the defendant met the exhaustion requirement," (*id*.), and the court also will assume without deciding that the exhaustion requirement has been satisfied. Accordingly, the only issues are (1) whether "extraordinary and compelling reasons" warrant reduction of Robinson's sentence and (2) whether the § 3553(a) factors weigh in favor of a sentence reduction.

**DISCUSSION**

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).[3]

Robinson argues that he should be considered for compassionate release based on underlying medical conditions (hypertension and B-12 deficiency) that increase his risk of developing serious illness related to COVID-19. (ECF 168 at 6). In his Reply, Robinson adds that he is obese, which is supported by attached medical records. (ECF 172, 172-1). The Centers

---

[3] The court's independent discretion stems from the First Step Act of 2018, which, *inter alia*, amended 18 U.S.C. § 3582(c) with the stated goal of "increasing the use and transparency of compassionate release." *See* First Step Act § 603(b), Pub. L. No. 115-391, 132 Stat. 5194; *see also Decator*, 2020 WL 1676219, at *1–3 (explaining Policy Statement § 1B1.13's partial inconsistency with the First Step Act amendments to § 3582(c)).

3

for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's vulnerability to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020). The CDC distinguishes between those conditions where someone "[is] at increased risk" (e.g., chronic kidney disease), and those where someone "might be at an increased risk" (e.g., asthma). *Id.* While hypertension is in the latter group, obesity is listed as an underlying condition that definitively increases one's risk of severe illness from COVID-19. *Id.*

The government argues that Robinson's underlying conditions do not rise to the level of an "extraordinary and compelling reason" warranting a sentence reduction. The government filed its opposition, however, before Robinson supplied medical records demonstrating that he is obese. While hypertension and a B-12 deficiency might not be enough to constitute an "extraordinary and compelling reason," the fact that Robinson is obese changes the calculus. *See United States v. Cuevas*, No. GJH-16-451, 2020 WL 4436380, at *5 (D. Md. Aug. 3, 2020) (finding extraordinary and compelling reasons based on, *inter alia*, the defendant's hypertension and obesity, and collecting cases).

Even assuming Robinson presents an extraordinary and compelling reason for a sentence reduction based on underlying health conditions, however, his motion must be denied. The compassionate release statute provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting relief. The court must consider Robinson's history and characteristics, and also whether he poses a danger to the community. *See* § 3553(a)(1), (2)(C).

Robinson's offense involved a large quantity of drugs. His criminal history includes not only a prior conviction for possession with intent to distribute drugs, but also a conviction for conspiracy to commit first degree murder. *Robinson*, 700 F. App'x at 179. Moreover, the court must ensure that a sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence. *See* § 3553(a)(2)(A)–(B). Robinson has served approximately 30 percent of his sentence, and has not yet served ten years, (ECF 171-1), which is the mandatory minimum sentence for convictions involving 280 grams or more of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(iii). Accordingly, the court finds that the balance of the § 3553(a) factors weighs against granting compassionate release here.

## CONCLUSION

For the foregoing reasons, Robinson's motion for compassionate release (ECF 168) will be denied. A separate order follows.

  8/14/20                                             /S/
Date                                       Catherine C. Blake
                                           United States District Judge